[No. 8050.  Department Two.  June 14, 1909.]

HENRY BOCK, *Appellant*, v. IVER SORENSON *et al.,*
*Respondents.*[1]

APPEAL—REVIEW—FINDINGS.  In an action to foreclose a lien,
findings on absolutely conflicting testimony, supported by sufficient
evidence, will not be disturbed on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 3, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien.  Affirmed.

*Harris Baldwin,* for appellant.

*Swanson & Ripley,* for respondents.

DUNBAR, J.—The plaintiff and the defendants entered into an oral contract, by which the plaintiff was to dig a well for the defendants.  This action is brought by the plaintiff to foreclose a lien for digging the well, for ninety-four feet alleged to have been dug by the appellant, at $3 a foot, which was the contract price.  The complaint set forth this state of facts substantially, alleging refusal and failure to pay on the part of the defendants.  The defendants answered, denying the allegations of the complaint, and alleging affirmatively that the contract was that the plaintiff should dig for the defendants a first-class well, containing such a quantity of water as would fully supply all needs for watering stock and water for farming purposes, and should contain such quantity of water that the same could be conveyed to the surface by means of windmills or gasoline engine, the plaintiff expressly promising and agreeing to get all the water for the defendants that they needed; that in consideration of such representations, the defendants agreed to pay plaintiff the sum of $3 per foot; that it was especially agreed that plain-

[1]Reported in 102 Pac. 428.

tiff should not cease working at said well until said defendants were satisfied that he had sufficient water; that plaintiff commenced boring said well, but failed to comply with his contract, and failed to go down to a sufficient depth to obtain the water contracted for, when he ceased boring the well against the protest of the defendants, and quit and abandoned the boring of the well without having complied with his contract; the defendants alleging that the well as it was left by the plaintiff was of no benefit to them whatever, but affirming that they were ready at any time to pay plaintiff at the rate of $3 per foot whenever he complied with the agreement.

The case was tried by the court, who found that plaintiff had failed to comply with his contract; that he had abandoned said contract without having complied with the same; that he abandoned the said contract against the will and desire of defendants; that he had failed to go down to a sufficient depth to procure a good and sufficient amount of water, and wholly and totally failed to comply with the said contract, all of his own fault and not of the fault of the defendants; that the evidence introduced failed to sustain the allegations of plaintiff's complaint, and that the allegations were not true; found that the plaintiff and defendants entered into a contract wherein and whereby plaintiff was to drill a first-class well on the defendants' premises for the agreed sum of $3 per foot. As a conclusion of law, the court found that the plaintiff was not entitled to foreclose his lien, or to recover any sum whatever from the defendants; and judgment of dismissal was entered, from which this appeal is taken.

The appellant alleges error based on the findings of fact. It is contended that the testimony does not show that the appellant and respondents made a contract whereby the appellant agreed to drill a first-class well for the respondents, or that the appellant failed to comply with his contract. The testimony in this case is brief, but it is absolutely conflicting on the two main propositions, viz., whether the contract was for a completed and efficient well, or whether the appellant,

under the terms of the contract, was entitled to recover the stipulated price per foot regardless of whether the well was completed; and was equally conflicting on the other proposition as to what the test showed in regard to the amount of water which had been obtained at the time the appellant ceased to work and removed his plant from the respondents' premises. If the court believed the testimony of respondents in this case, it was fully justified in making the findings which it did make, and from an examination of such testimony we do not feel justified in disturbing the findings made. The judgment is therefore affirmed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.