[No. 8786.   Department One.   July 5, 1910.]

## J. S. KINDER et al., Appellants, v. PETER POULSEN, Respondent.[1]

CONTRACTS—FOR DIGGING WELL—ABANDONMENT—EXPENSES IN-
CURRED BY OWNER. Under a contract whereby plaintiff was to drill a
well for defendant, the defendant to furnish the feed for horses,
coal and board while drilling for water, the defendant, on abandon-
ment of the contract by plaintiff, is entitled to recover expenses in-
curred for feed, coal, and board furnished for six weeks while
plaintiff was fishing for tools lost in the well through his negligence.

APPEAL—REVIEW—FINDINGS. Findings upon absolutely conflict-
ing evidence will not be disturbed on appeal.

Appeal from a judgment of the superior court for Douglas
county, Steiner, J., entered August 9, 1909, upon findings in
favor of the defendant, after a trial on the merits before the
court without a jury, in an action to foreclose a mechanics'
lien. Affirmed.

*Arthur McGuire* and *G. G. Hannan,* for appellants.
*Canton & Hensel,* for respondent.

MORRIS, J.—Appellants brought this action to foreclose
a lien upon lands of respondent for labor performed in drill-
ing a well.   The first agreement of the parties was contained
in a written memorandum, whereby appellants agreed to drill
the well one hundred feet at $2.50 per foot, respondent agree-
ing in addition to paying the $250 for one hundred feet, to
move the machine from the railroad to his ranch, furnish coal,
board the men and horses, and pay for casing at one dollar
per foot.   Work was commenced under this contract in Au-
gust, 1907, and continued until the drill had reached a depth
of one hundred and eighty feet, without producing water. At
that depth the drilling tools became fast in the hole and,
after a few days' unsuccessful effort to dislodge them, it was
mutually agreed that the well should be abandoned at this lo-

[1]Reported in 109 Pac. 795.

cation, the appellants would waive any claim to the excess eighty feet, and respondent would pay them the $250 provided for in the contract, and that a new location would be selected and a new attempt made to find water.

At this point is where the conflict in the testimony commences. Appellants contend that they were to drill in the new location under the terms of the original contract, receiving $2.50 per foot until water was found, or such depth as respondent might elect to go in case no water was found; while respondent maintains that appellants agreed to go down six hundred and fifty feet, the capacity of the machine, unless water was reached at a less depth, for $2.50 per foot; but that nothing was to be paid unless water was found, nor in case the entire depth of six hundred and fifty feet was not reached in the attempt. Whatever the new contract was, appellants commenced drilling thereunder the last of September, and continued until some time in January, when the tools stuck in the well, and three weeks elapsed before they succeeded in freeing them. They again proceeded and, in a few days, the tools again stuck, and for about three weeks more, or up to March 13, they unsuccessfully endeavored to loosen them. At this time the hole was down five hundred and twenty-five feet, and appellants being out of coal, requested respondent to furnish some. Respondent inquired how long it would take to get the tools out. Appellants seemed unwilling to venture an opinion on that score, and after some further conversation and discussion as to who should furnish the coal necessary to remove the tools, the appellants asked for a settlement, which the parties were unable to agree upon. Appellants then stopped all work, leaving the tools in the well, and later filed their lien and brought this action. The court found with respondent as to the contract. He also found that appellants "did not prosecute the work with reasonable diligence, or complete it or any part of it within a reasonable time; nor did they operate their machine with the degree of skill, care, and prudence required by the implied terms of

the contract under the circumstances shown by the evidence.
. . . and their negligence in this respect was a direct and
proximate cause of the accident." Judgment was ordered
for respondent in the sum of $82.50, upon two items of pay-
ment and expenditures for which, with others, respondent
had prayed.

The errors assigned are exceptions to the findings and con-
clusions, which are in the nature of a written opinion by the
trial judge, in which he recites his conclusions upon the law
and facts, the reasons for the conclusions thus reached, with
citation of authority in support thereof. Error is also as-
signed in one or two rulings in the admission of testimony.
Without detailing the evidence, we concur in the conclusions
reached by the trial judge, being of the opinion that his
findings are amply supported. One additional reason sug-
gests itself why the judgment should be affirmed, whatever the
contract was, whether as contended for by appellants or by
respondent. Coal was only to be furnished by respondent
while appellants were drilling for water. Appellants had con-
sumed two hundred and twenty days in the vain attempt to
find water, entailing a large expense upon respondent in fur-
nishing coal, boarding the men, and feeding the horses. From
the time in January, when the tools were lost in the second
hole, until March 13, when the work stopped, appellants had
consumed about six weeks at the expense of respondent in the
particulars above referred to, in fishing for tools lost, as the
trial court finds, through their lack of skill. Respondent was
justified under such circumstances in demanding some assur-
ance of success before continuing his heavy burden of expense.
No interpretation of either contract required him to furnish
coal to appellants for six weeks while they were fishing for
their lost tools. Such was not within the contemplation of
either contract. We find no error in the admission or rejec-
tion of evidence.

The case is similar to that of *Bock v. Sorenson*, 53 Wash.
558, 102 Pac. 428, where an attempt was made to foreclose

a similar lien, and it was held that the findings on absolutely conflicting testimony would not be disturbed where there was evidence to support the findings. Upon the authority of that case and for the reasons above given, the judgment is affirmed.

Rudkin, C. J., Fullerton, Chadwick, and Gose, JJ., concur.